## NORTHERN PAC. R. CO. v. CAVANAUGH.

*(Circuit Court of Appeals, Eighth Circuit. July 25, 1892.)*

No. 108.

RAILROAD COMPANIES—INJURY TO EMPLOYE—FELLOW SERVANTS.
    A brakeman received injuries in a collision caused by the negligence of a conductor and engineer in disobeying the train dispatcher's orders. *Held*, the railroad company was liable. *Railroad Co.* v. *Ross*, 5 Sup. Ct. Rep. 184, 112 U. S. 377, followed.

In Error to the Circuit Court of the United States for the District of Minnesota. Affirmed.

Statement by SANBORN, Circuit Judge:

This was an action brought by the defendant in error against the Northern Pacific Railroad Company for damages alleged to have resulted to him from the negligence of the corporation. A jury was waived, and the case tried by the court upon a written stipulation, from which the following facts appear: The plaintiff below was a brakeman in the employment of the defendant corporation on November 4, 1889, upon one of defendant's freight trains, known as "No. 14," in the state of Washington, which was being operated on telegraphic orders. He had been employed by defendant for some time as a brakeman, and was a competent brakeman, familiar with his duties, which were those ordinarily appertaining to the position of brakeman on a railroad. The stations on defendant's road, so far as material in this case, are, commencing at the west and running thence eastward, Sprague, Tyler, Cheney, Marshall Junction, Spokane Falls, Trent, Hauser Junction, and Rathdrum. Train No. 14 was running eastward, and when it had passed Sprague, and was proceeding towards Tyler, another of defendant's trains, known as "No. 13," which was also operated on telegraphic orders, had passed Rathdrum, and was running thence westward. Thereupon the train dispatcher at Sprague issued a telegraphic order, which was in due season delivered to the conductor and engineer of each of these trains, to meet and pass each other at Marshall Junction. This train dispatcher had absolute control in the matter of directing where said trains should meet and pass each other, and neither the engineer nor conductor of either of these trains had any power to change the place of meeting to any other point. One of the rules of the defendant under which these trains were being operated was:

"Conductors will be held responsible for the safe management of their trains and for the strict performance of duty on the part of the men engaged with them. In order to secure effective service, conductors must make themselves familiar with the duties required from other train employes, and see that they are fully performed."

When train No. 14 reached Marshall Junction, it stopped a few moments, and then pulled out and started eastward, without waiting for train No. 13, in violation of the telegraphic order, and soon collided

with train No. 13, and damaged the plaintiff in the sum of $2,001 by inflicting personal injuries upon him. The negligence of the engineer and conductor of train 14 was the proximate cause of the accident, and they were negligent in violating the telegraphic order, and leaving Marshall Junction before train No. 13 met and passed them. Upon these agreed facts the court below ordered judgment for the plaintiff for the stipulated damages, to which defendant excepted. Judgment was entered pursuant to the order, to reverse which this writ of error was sued out. The only error assigned is that the court erred in ordering judgment for the plaintiff.

*John C. Bullitt, Jr.,* and *Tilden R. Selmes,* for plaintiff in error.

*C. Wellington* and *W. W. Erwin,* for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and SHIRAS, District Judge.

SANBORN, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

The facts in this case bring it clearly within the decision of the supreme court in *Railroad Co.* v. *Ross,* 112 U. S. 377, 5 Sup. Ct. Rep. 184, and the judgment below is affirmed, with costs.